Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
11693 South 700 East, Suite 200
Draper, Utah 84020
Tel: 801.758.7604
Fax: 801.893.3573
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Plaintiff Julie Gilbert*

# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JULIE GILBERT,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN FOODS GROUP, LLC,<br>a Texas limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br>Case No.: 2:17-cv-00133-PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Julie Gilbert, by and through her attorney of record, brings this Complaint against Defendant Southern Foods Group, LLC.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA").

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Julie Gilbert ("Gilbert" or "Plaintiff") is a resident of Salt Lake County, State of Utah.

1

3. Defendant Southern Foods Group, LLC ("Defendant") is a Texas limited liability company with its principal office located at 2711 North Haskell Avenue, Ste 3400, Dallas, Texas 75204.

4. This Court has jurisdiction over Gilbert's claims asserted herein pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

5. The employment practices alleged to be unlawful were committed in Salt Lake County, State of Utah, which is within the jurisdiction of the U.S. District Court for the District of Utah, Central Division.

6. This action properly lies in the District of Utah, Central Division, pursuant to 28 U.S.C. § 1391(b) because claims asserted herein arose in this judicial district.

7. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. Defendant is in the business of transporting dairy products and other types of food in interstate commerce, and employs more than 50 individuals in the State of Utah.

9. On or about October 13, 2014, Defendant hired Ms. Gilbert to work as a fleet logistics coordinator.

10. Ms. Gilbert's duties and responsibilities included planning, organizing, evaluating, integrating, and controlling day-to-day fleet transportation operations.

11. During her employment with the Defendant, Ms. Gilbert worked, on average, 50 hours per week for Defendant at its office in Salt Lake County.

12. At all times during her employment with the Defendant, Gilbert performed her job duties and responsibilities in accordance with the terms of her employment, and Gilbert's performance either met or exceeded Defendant's expectations.

13. On or about November 22, 2016, Ms. Gilbert had surgery on her shoulder. Defendant approved Ms. Gilbert's request for FMLA leave and Ms. Gilbert began taking such leave.

14. On or about November 29, 2016, Ms. Gilbert spoke with one of her supervisors, Tom Anderson, to provide him with a status update. Ms. Gilbert confirmed that she had surgery on her shoulder, that she will need to see a specialist for a reconstructive surgery on her wrist, and that she will require additional time off of work to recover from surgery on her wrist.

15. On or about November 30, 2016, Ms. Gilbert felt compelled to return to work out of fear that she will lose her employment. However, Ms. Gilbert could only work half of each business day, and she requested and used her FMLA leave time for the other half of each business day.

16. On or about December 7, 2016, while Ms. Gilbert was still taking her FMLA leave time, Defendant terminated her employment.

## CAUSES OF ACTION
**(Violations of the FMLA—Retaliation, Discrimination, and Interference)**

17. Ms. Gilbert incorporates the allegations in the preceding paragraphs as if fully set forth herein.

18. The FMLA, 29 U.S.C. § 2612, provides that an eligible employee is entitled to take up to twelve (12) workweeks of leave during a 12-month period because of the employee's serious health condition.

19. Generally, an employee is eligible for leave under the FMLA after being employed during at least 12 months and having no fewer than 1,250 hours during such qualifying period.

20. FMLA 29 U.S.C. § 2614(a) provides that an employee who takes leave must be restored to his/her former position or an equivalent position when he/she returns from leave.

21. FMLA, 29 U.S.C. § 2615(a)(2), prohibits an employer from discriminating and/or retaliating against an employee for taking FMLA leave or engaging in another protected activity.

22. Gilbert's shoulder surgery and her post-operative condition amounted to a serious health condition under the FMLA, and Gilbert was eligible for and entitled to FMLA leave to recover from surgery.

23. Gilbert engaged in protected activity by requesting FMLA leave to recover from her shoulder surgery, and by taking FMLA leave to recover from surgery. Gilbert also engaged in protected activity by notifying Defendant of her intent to take additional leave time to have surgery on her wrist and recover from that surgery.

24. Defendant discriminated and/or retaliated against Gilbert for requesting and/or taking FMLA leave. Defendant also discriminated and/or retaliated against Gilbert for announcing her intent to take FMLA leave in the future.

25. Defendant terminated Gilbert's employment because she requested and/or took leave time pursuant to the FMLA.

26. Defendant's decision to terminate Gilbert's employment was motivated by and causally related to Gilbert's exercise of her FMLA rights.

27. Defendant's termination of Gilbert's employment amounted to unlawful

discrimination and/or retaliation under the FMLA, 29 U.S.C. § 2615(a)(2).

28. Defendant's termination of Gilbert's employment also interfered with her rights under the FLMA, and amounted to a violation of 29 U.S.C. § 2615(a)(1).

29. Pursuant to the FMLA, Defendant is liable for all wages, salary, employee benefits, and other compensation Gilbert lost due to Defendant's violations of the FMLA, for liquidated damages in accordance with 29 U.S.C. § 2617(a)(1), interest on such losses, plus reasonable costs and expert witness fees, attorney's fees, and such further and additional relief as the Court may order.

## JURY DEMAND

30. Pursuant to Fed. R. Civ. P. 38, Gilbert demands a trial before a jury of his peers.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff Julie Gilbert requests judgment and relief against Defendant Southern Foods Group, LLC as follows:

(1) A judgment in Gilbert's favor and against Defendant for violations of the FMLA;

(2) A judgment awarding Gilbert her lost wages, employee compensation, and other economic benefits lost as a result of Defendant's acts and omissions, including front and back pay;

(3) A judgment awarding Gilbert compensatory and consequential damages in amount to be determined at trial, including damages for emotional distress, loss of enjoyment of life, and other non-pecuniary losses;

(4) A judgment awarding Gilbert liquidated damages for Defendant's violations of the FMLA in accordance with 29 U.S.C. § 2617;

(5) A judgment awarding Gilbert punitive damages in an amount to be determined at trial;

(6) A judgment awarding Gilbert her reasonable attorney's fees and court costs, including expert witness fees;

(7) A judgment awarding Gilbert prejudgment and post-judgment interest at the highest lawful rates; and

(8) A judgment awarding Gilbert such further and additional legal or equitable relief as the Court deems appropriate.

Dated this 23rd day of February, 2017.

STAVROS LAW P.C.


/s/ Austin B. Egan
Austin B. Egan
*Attorney for Plaintiff Julie Gilbert*